*SBA*
*530*

*FILED*

*AUG - 2 2007*

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

Name ___DENNIS_____WILLIE_____
         (Last)                (First)          (Initial)

Prisoner Number ___T-56859_____

Institutional Address _____P.O. BOX 9_____ *E-filing*  *(PR)*

        ___AVENAL, CALIFORNIA  93204_____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*C 07 3977*  *SBA*

__MR. WILLIE DENNIS JR._____
Full Name of Petitioner

                               Case No.(To be provided by the
                               clerk of court)

       vs.

__K. MENDOZA-POWERS, WARDEN_____ PETITION FOR A WRIT OF HABEAS CORPUS

     Name of Respondent
  (Warden or jailor)

---

### Read Comments Carefully Before Filling In

#### When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

<u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

1.    What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

ALAMEDA COUNTY SUPERIOR COURT                    OAKLAND, CALIFORNIA
_____                    _____
Court                                                Location

(b)    Case number, if known    132261
(c)    Date and terms of sentence    14 YEARS
(d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ☒  No ☐

Where?    AVENAL STATE PRISON        P.O. BOX 9, AVENAL, CA  93204
_____        _____
(Name of Institution)                    (Address)

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

2ND DEGREE ROBBERY, WITH TWO 5-YEAR PRIOR PRISON CONVICTIONS
_____
P.C. 211, 667 (a) AND 1170.12
_____

_____

3.    Did you have any of the following?

Arraignment: Yes X  No ___  Preliminary Hearing: Yes X No ___ Motion to Suppress: Yes X  No ___

4.    How did you plead?

Guilty _____    Not Guilty _____    Nolo Contendere ✓

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury _____    Judge alone ✓    Judge alone on a transcript _____

6.    Did you testify at your trial?  Yes ☐  No ✓

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes ☐        No ✓
(b)    Preliminary hearing        Yes ✓    No ☐
(c)    Time of plea   Yes ✓    No ☐
(d)    Trial   Yes ___    No ✓
(e)    Sentencing   Yes ✓    No ☐
(f)    Appeal   Yes ☐    No ☐
(g)    Other post-conviction proceeding    Yes ☐    No ✓

8.    Did you appeal your conviction?  Yes ☐  No ✓

(a)    If you did, to what court(s) did you appeal?

Court of Appeal      Yes ☐      No ☐      _____
                                          (Year)                    (Result)

Supreme Court of
California            Yes ☐      No ☐      _____
                                          (Year)                    (Result)

Any other court      Yes ☐      No ☐      _____
                                          (Year)                    (Result)

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?        Yes ☐  No ☐

(c)    Was there an opinion?    Yes ☐  No ☐

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                              Yes ☐      No ☐

4

If you did, give the name of the court and the result:

9.      Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?      Yes ✔      No ___

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court *(California) Alameda County Superior County*

Type of Proceeding *Certificate Of Probable Cause*

Grounds raised (Be brief but specific):

a.    *The Trial Court abused its Discretion (Sentencing Error.)*

b.    *Ineffectiveness Of Counsel at Sentencing.*

c.    _____

d.    _____

Result *Petition was denied*    Date of Result *2/23/03*

II.    Name of Court *Alameda County Superior Court*

Type of Proceeding *Motion for Production Of Transcripts*

Grounds raised (Be brief but specific):

a.    *Transcripts sought accord to rule 56 (c)(2)-(3) to support the petitioner's position.*

b.    _____

c.    _____

d.    _____

Result *Motion was denied*    Date of Result *3/15/05*

III.    Name of Court *Alameda County Superior Court*

6

Type of Proceeding *Motion for Production Of Transcripts.*

Grounds raised (Be brief but specific):

a. *Transcript sought according to Calif. Rules Of Court 56 (c)*
*(2)(3)*

b. *Regarding the constitutionality Of an "once litigated*
*Prior Conviction.*

c. _____

d. _____

Result *Motion was denied*          Date of Result *2/2/06*

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?    Yes ☑  No ☐

*united States District Court for Northern California*
*Civil litigation # CV04- 04824 SBA*

(Name and location of court)


## B.  GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully.  Give facts to support each claim.  For example, what legal right or privilege were you denied?  What happened?  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you need more space.  Answer the same questions for each claim.

Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent petitions may be dismissed without review on the merits.  28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One:  THE TRIAL COURT ABUSED IT'S DISCRETION BY IMPOSING AN

ADDITIONAL INFORMATION OTHER
THAN DIRECT APPEAL. ACCORDING TO (13) c.

Alameda County Superior %courts
Motion for production of transcripts according to Rule 56(c)(1)-(3)
to caLIFORNIA Rules of Court.

Issues: Regarding the constitionality of an litigated prior conviction
used to enhance the petitioner's sentence.

Result: Ptition was denied. February 2, 2006.

Alameda Conty Superior Court

Writ of Habeas Corpus

Issues: (a) the trial Court abused it's discretion

      (b) Ineffectiveness of counsel at sentencing.

results: Petition was denied. February 2, 2006

The Court of Appeal s, First appellate District

Writ of Habeas Corpus

Issues: trial Court abused it's discretion

      Ineffectiveness of counsel at sentencing

results: Petition was denied, July 20, 2006.

See attached exhibits

ILLEGAL ENHANCEMENT IN A PROCEDURALLY FLAWED MANNER CONTRARY TO CLEARLY ESTABLISHED FEDERAL AND STATE LAWS IN VIOLATION TO PETITIONER'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL.

Supporting Facts: PETITIONER'S CONTENDS THAT THE TRIAL COURT FAILED TO STATE REASONS FOR IT'S RULING IN APPLYING THE LAW AND IT'S DISCRETION TO DISMISS HIS 1982 PRIOR CONVICTIONS DURING THE CHANGE OF PLEA AND THE SENTENCING.

Claim Two: INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING: WHEN COUNSEL FAILED TO INVESTIGATE AND CAREFULLY REVIEW THE PRIORS TO DETERMINE WHETHER THEY WERE VALID OR INVALID BEFORE ADVISING PETITIONER TO PLED TO THEM.

Supporting Facts: THE PETITIONER CONTENDS, THAT HE WAS REPRESENTED BY RETAINED COUNSEL WHO FAILED TO EXERCISE PROFESSIONALISM, WHILE ACTING IN THE BEST INTEREST OF HIS CLIENT.

Claim Three: _____

Supporting Facts: _____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

8

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning of these cases:

_Please see the attached Points and Authorities_

Do you have an attorney for this petition?    Yes ☐   No ☑

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on _July 23, 2007_    _MR. Willie Dennis Jr_
            Date                           Signature of Petitioner

( rev. 5/96)

# Table of Contents

TABLE OF AUTHORITIES CITED . . . . . . . . . . . . . . . . . . . . . . . . . . . I, II

PETITION FOR HABEAS CORPUS . . . . . . . . . . . . . . . . . . . . . . . . . . I

REASONS HABEAS CORPUS SHOULD BE GRANTED. . . . . . . . . . . ii, iii, iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ARGUMENTS

I.   Trial court abused its discretion by imposing an illegal
enhancement in a procedurally flawed manner contrary to clearly
established federal and state laws in violation to petitioners
due process rights, and a fair trial.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (1-6)

II. Ineffective assistance of counsel at sentencing when counsel
failed to investigate and carefully review priors to determine
whether they were valid or invalid before advising petitioner to
plead to them.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (6-12)

**Exhibit(s)**   Attached

# Table of authorities

**Cases** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Pages**

Anders v. California (1967) U.S. 738. . . . . . . . . . . . . . . . . . . . 7.

Belcher, (1974) 11 cal. 3d 91, 96. . . . . . . . . . . . . . . . . . . . . 8.

Brooks v. Weston (9th cir. 1994) 31 F. 3d. 887, 888. . . . . . . . . 6.

Boykins v. Alabama (1969) 395 U.S. 238, 89 S. Ct 1709 . . . . i,6.

Carnly v. Cochran (1959) 339 U.S. 509, 519 . . . . . . . . . . . . . . 1.

Cook v. Lynaugh (5th cir. 1987) 821 F. 2d 1072, 1078. . . . . . . . 8.

Custis v. United States (1994) 511 U.S. 488. . . . . . . . . . . . ii,6.

Garcia v. Superior Court, (1997) 19 Cal. 4th 453. . . . . . . . . . . 5.

In re Bartlett (1971) 15 Cal. App. 3d. 176. . . . . . . . . . . . . . . 5.

In re Dewing (1977) 19 Cal. 3d 54. . . . . . . . . . . . . . . . . . . . . 5.

In re Dabnery (1969) 71 Cal. 2d. 1, 11: 76 Cal Rptr. 636 . iii.

In re Estrader (1965) 63 Cal. 3d. 740, 750. 48 C. R. 172 . . . 5.

In re Foss (1974) 10 Cal. 3 910. . . . . . . . . . . . . . . . . . . . . . . 5.

In re Huffman (1986) 42 Cal. 3d. 552. 229 C. R. 789 . . . . . . . 5.

In re Kapperman (1974) 11 Cal. 3d 542 . . . . . . . . . . . . . . . . . 5.

In re May (1976) 62 Cal. App. 3d 165. 133 C. R. 33 . . . . . . . . 5.

In re Rogers (1980) 28 Cal. 3d 429. 169 C. R. 222 . . . . . . . . . 5.

In re Woods (1996) 64 Cal. 2d. 3. . . . . . . . . . . . . . . . . . . . . . 4.

Parke v. Raly (1992) 506 U.S. 20. . . . . . . . . . . . . . . . . . . . . . 5.

People v. Bierman (1977) 97 Daily Journal D.A.R. 9300 . . . . . . 3.

People v. Burke, 42 Cal. 2d. 45, 50-51. . . . . . . . . . . . . . . . . . 3.

People v. Coffery (1967) 67 Cal. 2d 204, 214-215. . . . . . . . . iii.

People v. Cotton (1991) 230 Cal. App. 3d 1072, 1086. . . . . . . . 4.

People v. Gillitte  (1959) 171 CA 2d 297, 504 . . . . . . . . . . . iii.

People v. Furham (1997) 16 Cal. 4th 930, 944. 67 C. R. 2d 1. 5.

People v. Marshall (1996) 13 Cal. 4th 799, 825 n 1. . . . . . . . 8.

People v. Mattson (1990) 50 Cal. 3d 826, 876. . . . . . . . . . . . . 8.

People v. Milton (1977) 97 Daily Journal, D.A.R., 6823.

## Table of Authorities (continues)

CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page

People v. Plager (1987) 196 Cal. App. 3d 537, 1542. . . . . . . . . . . . . .9.

People v. Rivera (2003) 107 Cal. 4th 1374. . . . . . . . . . . . . . . . . . . . . . .8.

People v. Sotomajor (1996) 7 cal. App., 4th 382, 390-391. . . . . . . . .3.

People v. Stevens (1996) 48 Cal. App. 4th 982, 984. . . . . . . . . . . . . . .3.

People v. Sumstime (1984) 36 Cal. 3d. 909, 920. . . . . . . . . . . . . . . .3,5.

People v. Superior Court (Romero) (1996) 13 Cal. 4th 447. . . . . . . .2,5.

People v. Thomas (1992) 4 Cal. 4th 203, 209-210. . . . . . . . . . . . . . . . .2.

People v. Vatetti (1971) 15 CA. 3d 54, 64. . . . . . . . . . . . . . . . . . . . . iii.

Robinson v. U.S. (9th cir. 1968) 402 F. 2d 248. . . . . . . . . . . . . . . . . . .1.

Strickland v. Washington (1984) 446 U.S. 688, 696. . . . . . . . . . . . .6,8.

Tippers v. Walker 77 F. 3d 682 (2nd cir. 1996). . . . . . . . . . . . . . . . . .10.

Townsend v. Burke 334 U.S. 736. . . . . . . . . . . . . . . . . . . . . . . . . . .2,10.

United States v. Day 949 F. 2d 973 (8th cir. 1991) . . . . . . . . . . . . . . .4.

United States v. Larson ( 9th cir. 1974) 502 F. 2d 385, 389. . . . . . .1.

Williams v. U.S. (9th cir. 1937) 93 F 2d 685, 691. . . . . . . . . . . . . . . .1.

### Statues

Penal Code    667 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,8.

Penal Code    667.5 (b) —(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v,3.

Penal Code    1237.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.

Penal Code    1204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii.

Penal Code    1385 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,5.

### Constitutions

U.S.C.A Const. Amend. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

California Const. Article 1, 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7.

28 USC section 2241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i.

28 USC section 2254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i,ii.

### Other Authorities

Conon V

Conon of Professional Ethics

of The American Bar Association. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9.

**"Stare decisis"**    William M. Lile et. Al., Brief making

and the Use of law books. 321 (3d ed. 1914).

MR. WILLIE DENNIS, JR. #T-56859
P.O. BOX 9/ 610-1-62 LOW
AVENAL, CA 93204
(In Pro-Se)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT COURT OF CALIFORNIA

MR. WILLIE DENNIS,JR. ,                )

     **Petitioner,**                            )

  and                                          )

K. MENDOZA, POWERS, WARDEN.,           )

     **Respondent**                            )

Case **No**

PETITION FOR WRIT OF
HABEAS CORPUS UNDER
28 USC SECTION 2254 BY
PERSON IN STATE PRISON

**TO THE HONORABLE DISTRICT COURT JUDGES AND THE
ASSOCIATES MAGISTRATE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA**

## Statement of Jurisdiction

This is a petition under 28 USC sections 2241, 2254 filed for a writ of
habeas corpus by a person in state prison from the California supreme courts
denial of petitioner's writ for habeas corpus (MC 275) following his conviction
and sentence in a California court. Accordingly, pursuant to the fair presentation
and exhaustion of state remedies requirements; "Jurisdiction" lays now in the
district court, per 28 USC section 2254.

## Introduction

I, <u>Mr. Willie Dennis, Jr.</u> (hereafter "petitioner") hereby move in this court for the
issuance of a writ of habeas corpus following a conviction and sentence in a
California court that was contrary to and involved an unreasonable application of

clearly established federal law, as determined by the supreme court of the United States.

> **"The supreme court, a justice thereof, a circuit judge or a district court shall entertain an application for writ of habeas corpus in behalf of a person (s) in custody pursuant to the judgment of a state court on the grounds that he is in custody "unlawful" and in violation of the constitution or laws, or treaties of the united states 28 USC section 2254(d)."**

Petitioner is currently in custody by the respondent; however, Petitioner asserts that his custody is **"unlawful"** for reason(s) set forth herein, and in the supporting exhibits.

## Prayer

Wherefore, Petitioner prayers that a writ of habeas corpus be issued directing that the judgement and sentence in this matter be remanded for modification or reduction in sentences or in the alternative, that the respondent show cause **"if any"** why the judgement and sentence should not be set aside and for such other, and further relief as this court may deem just and equitable.


Dated, _July 23,_ 2007.              RESPECTFULLY SUBMITTED

                                     _Mr. Willie Dennis jr._
                                     Mr. Willie Dennis, Jr. (In Pro Se)

1

## REASONS HABEAS CORPUS SHOULD BE GRANTED

2

3    A habeas corpus should be granted according to **28 USC §§ 2241

4    2254** because the California Supreme Court failed to address the

    issues of constitutional dimension, where the trial court own

5

    omissions and records reflected the merits of the particular

6

7    claims made herein that violated the petitioner's due process

    rights to a fair adjudication. While the precise issue has been

8

9    raised and addressed in numerous state cases; several cases,

    from the U.S. Supreme Court are instructive in statutory

10

    language and circumstances of the application of the particular

11

    laws at issue, and extend beyond the muster of the more

12

    rigorous standards of review set forth in the "Required Showing

    Laws" of California.

13

14    In numerous instances, under provisions of California laws.

    A criminal conviction may give rise to a variety of collateral

15

    consequences; perhaps, the most common content is the use of

16

17    prior convictions to increase the term. In this event, the

    petitioner's sentence was enhanced by a prior conviction which

18

    had been tried and found unconstitutional for failure to meet

19

    the Boykin/ In re Tahl requirements before the **late Honorable**

20

    **Joseph W. Jay Sr. (Judge)**, during a bifurcation hearing of the

21    1982 priors' convictions, in 1994.,

22    It is well recognized, however, that a prior conviction that

    has been determined to be constitutionally invalid may not be

23

    used to enhance punishment for current offences. (It's more

24

    than a question of form: The use of prior convictions to

25

    enhance sentencing following **U.S. v. Curtis (1995) 47 Stan. I.**

26    **Rev. 1323.** [**The validity of the justification for sentencing**

27    **enhancements depends upon the prior convictions reliability**]).

28

i

> **"The legislature did not intend that a defendant would be subject to increase punishment on the basis of that prior conviction, where a defendant successfully has demonstrated the constitutional invalidity of the prior. (U.S. v. Curtis (1995) 47 Stan. L Rev. 1323.)"**

Accordingly, In Coffey, The State Court forebade the use of unconstitutionally obtained prior convictions "for any purpose in criminal proceedings" if the presence of the prior would activate the statutory machinery relating to penal statues or severity of sanction in a subsequent criminal proceedings. People v. Coffey (1967) 67 Cal. 2d 204, 214-215. In re Dabnery (109690 71 Cal. 2d 1, 11, 76 Cal Rptr. 636. and despite the proscription of penal code § 1204; case law, also permits the sentencing court to consider the following:

> "Any facts supplied by the record of the trial, including the existence of prior convictions admitted or proved. Which would assist the Judge in understanding the complexes issues. People v. Vatetti (1971) 15 CA 3d 54, 64. People v. Gillette (19590 171 CA 2d 497, 504: People v. Giles (1945) 70 CA 2d supp. 872, 884; 161 P. 2d 623."

Petitioner further contents, that because there were no conceivable tactical reasons why counsel failed to object too, or ask for a continuous to argument the defective prior conviction. The California Supreme Court did not address the petitioner's ineffective assistance counsel claim, and therefore could not have reached the merits of the prior enhancement issue raised. Petitioner is not arguing that the sentence provided in his pled bargain was invalid because it exceeded the legal authorized sentence for his conviction. However, Petitioner is seeking to exercise an appellate challenge to the negotiated or enter into contact, the object, nature, and subject matter of the contact, and the subsequent conduct of the parties.

Accordingly, Petitioner has presented a **"Prime Facie"** case with **"Prime Facie"** evidence for relief. The facts, supporting cases, points and authorities clearly speak for themselves, and should have compelled the California Courts to follow the letter and spirit of the controlling decisions, laws, points and authorities relied upon in this case.

> **"For, it's the doctrine of precedent under which it is necessary for a Court to follow earlier judicial decisions, when the same points arise again in litigation. The rule of adherence to judicial precedents finds its expression in the doctrine of "Stare decsis". This doctrine is simply; that, when a point or principle of law has been once officially decided or settled by the ruling of a competent court in a case in which it directly and necessary involved, it will no longer be considered as open to examination or to a new ruling by the same tribunal, or by those which are bound to follow its adjudication, unless it be for urgent reasons and exceptional cases." William M. Lile et. Al., Brief making and the use of law books. 321 (3d ed. 1914).**

It's strange, how the past has a tendency to repeat itself. Some 100 years ago, Supreme Court Justice… **"Oliver Wendell Holmes,"** practiced a Rather **"Mystical Jurisprudence"** based on public opinion as a **"law behind the law."** In 1950, **"Justice Leonard Hand,"** accused the Supreme Court of trying to be **"Platonic Guardians,"** reducing the democratic process to an exercise in futility. If they were in charge **"Hand said;"** I should miss the stimulus of living in a society where I have…**"at least theoretically,"** some part in the direction of public affairs.

Accordingly, California Courts now base their rulings on foreign law, Canadian law, European Court of Human Rights

decisions; anything  that serves their purpose—instead of on the U.S. Constitution. It's obvious, these courts are seeking to reinvent every aspect of the law. They nullify Supreme Court laws and referenda, legislate from the bench, and invent new rights whenever the mood strike them; while refusing to enforce laws they don't like. If the meaning of the Constitution changes "from day to day...from Judge to judge" as the California Courts have indicated it does; then there's no such thing, as Constitutional Rights, Due Process of the law, and the rights to a fair adjudication in the California Courts at all.

It is this doctrine of "Stare Decisis" that actually binds our judicial system together, allowing the administration of the law, and its flexibility in changing times. To allow a public entity to be above reproach and permit them to make and determine their own policies without accountability and responsibility, truly undermines the foundation of our system of law.

### Conclusion

For reasons stated herein, Petitioner's respectfully asks this court to grant his Writ of Habeas Corpus to determine the issues presented above.

Dated /July  23 , 2007.                    Respectfully Submitted

                                        *MR. Willie Denais Jr.*
                                        Mr. Willie Dennis, Jr.

iv

1. **Statement of cases**
2. On June 7, 2002. Petitioners' enter a pled of no Contest to penal code 211 2d
3. robber, plus two 5 year enhancements under penal code **667 (a) and 1170.12,**
4. in the Superior Court Of Alameda County. Petitioner admits that he had
5. previously suffered a conviction of violating penal code 211 2d degree, and
6. that he serve a separate prison term fore each count within the means of
7. **penal code 667(a) and 667.5 (b)**
8. **Statement of facts**
9. Petitioner argues however, that his 1982 prior robbery convictions could
10. not be use to enhance, nor strike his current conviction; when it could not be
11. determined from the record whether his 1982 prior convictions, qualified as
12. strikes or as enhanceable priors. The significance of the issues "standing
13. along" as reasonably permitted by the statutory language and circumstances
14. of the application of the particular law at issue, shows the court failed to use
15. its discretion in the interest of justice, to determine and overrule an apparent
16. and flagrant abuse of clearly established federal and state laws, that protect
17. the constitutional rights of fairness and due process of the law.
18. It also shows, how the prosecutor failed to prove all elements of **penal code**
19. **667 (a) and 667.5 (b)** from the record, as to whether the petitioner's 1982
20. prior convictions qualified as strikes or enhanceable priors. Accordingly, the
21. courts own record did not support the conclusion that the petitioner's 1982
22. prior convictions could be use as strikes.
23. For, on March 13, 1998, the petitioner's 1982 priors were "Stricken" from the
24. information because they did not meet the constitutional muster, and were
25. proven invalid as a result of a Boykins / Tahl hearing held before the late
26. **"Honorable Joseph W. Jay "** in 1994. See ex. "B".
27. In this case, it's during the change of pled and prior to sentencing, that the
28. petitioner objected to the use of the unconstitutional priors in the proceeding;

1. are valid mitigating factors, that the trial court had an affirmative duty to
2. consider  when the relationship and relevant inferences' are to be drawn from
3. It. For, it is  this mitigating evidences ( the constitutionality of the prior
4. convictions being used for enhancements purposes) that are relevant to the
5. main, as well as, the collateral issues being raised within this petitioners' cause
6. of action.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

**A. Trial court abused its discretion by imposing an illegal enhancement in a procedurally flawed manner contrary to clearly established federal and state laws in violation of petitioners' rights to due process and a fair trial.**

1. Petitioners' content very adamantly, that the trial court consistently
2. abrogated its duty to state reasons for its ruling in applying the law, and
3. its discretion to dismiss or invite the prosecutors office to change the legal
4. definition relating to the penal statute or severity of sanctions activated by
5. the presence of a defective prior enhancement; whereas, the Judges
6. calculation of sentence to be imposed on the previous prior enhancements
7. would not prejudice the petitioner, where its constitutional prohibition and
8. judicial interpretation was unclear.
9. **"When a defendant, whether by motion to the prior**
10. **conviction on constitutional grounds or by denial at the time**
11. **of entering his pled to the same. Raises the issue for**
12. **determination, the trial court should prior to th sentencing**
13. **phase, hold a hearing in order to determine the**
14. **constitutional validity of the charged prior or priors at issue.**
15. **Carnley vs. Cochran (1959) 339 U. S. 509, 519; 82 c.c.t. 884.**
16. *Compare the language of the United States Supreme*
17. *Court:* **The courts consistent failures to exercise it**
18. **discretion through reasoned analysis and the application is**
19. **beyond dispute, that the trial judges most fundamental**
20. **duty is to ensure a fair trial. U.S. vs. Larson (9th cir. 1974)**
21. **507 F. 2d 385,389; quoting Robinson vs. United States (9[th]**
22. **cir. 1968) 402 F. 2d 248. A trial judge is more than a**
23. **moderator or umpire, his responsibility is to preside in a**
24. **manner and with the demeanor to provide a fair trial to all**
25. **parties. See also, Williams vs. United States (9th cir. 1937) 93**
26. **F. 2d 685.**
27. It is the facts of the petitioners' previous prior convictions that
28. were unclear during the change of plea, and during the sentencing

1

1.  phase (see sentencing transcripts pp. 4, 5.). As they relate to this
2.  cause of action, that shows the courts confusion of this boarder aspects
3.  to use its discretion in the interest of justice to determine and
4.  overrule an apparent and flagrant abuse of clearly established federal
5.  and state laws, that protect the constitutional rights of the petitioner,
6.  as guaranteed by the due process clause of the fourteenth amend-
7.  ment.
8.  **"Prisoner was sentenced on the basis of assumption**
9.  **concerning his criminal record which was materially**
10. **untrue. Such results, whether caused by carelessness**
11. **or design is inconsistent with due process of the law,**
12. **and such a conviction cannot stand." Townsend v. Brake**
13. **334 United States 736; 68 c. ct. 1252, 92 L. ed. 1690.**
14. Petitioner asserts that the prosecutor, and the courts failed to
15. produce the burden of production, despite the facts, that the peti-
16. tioner's attorney, Mr. Jeffery Fletcher, fell asleep; and whose actions
17. cannot be said, to have been effective. The court and the prosecutor
18. should have stepped in just as the frequently do in other phases
19. of the criminal proceedings in order to protect the record, while
20. at the same time, giving the petitioner/defendant his due. [As stated
21. and clearly proscribed in penal code 1385 (a). Which authorizes
22. a trial court to dismiss a criminal action **"In the further interest**
23. **of justice"** on its own motion.]
24. In **People v. Superior Court (Romero) 13 Cal. 4th 497.** The California
25. Supreme Court ruled, that the trial court has the power to dismiss
26. an action, which includes the lesser power to strike factual allegations
27. relevant to sentencing, such as the allegation that a defendant has
28. prior felony convictions that were constitutionally unclear on the

1. face of the record. In **People v. Thomas (1992) 4 Cal. 4th 206, 209 210; See**
2. **also, People v. Burke 47Cal. 2d 45, 50-51.** The Supreme Court clearly stated
3. that the court may, on its own motion, strike prior felony conviction allegations
4. in cases arising under the law known as "The three strikes you're out" (**667.5**
5. **subd. (b) – (1) added by stats 1994, Ch 12, section 1. Effective March 7,**
6. **1994. See , 1170.12 added by initiative, gen-election November 7, 1994**
7. **[Proposition 184]).** In its decision in **Romero Supra, 13 Cal. 4th 497,** the
8. Supreme Court held that in cases charged under the three strikes law, the trial
9. court does retain discretion to dismiss a prior felony conviction (13 Cal. 4th at
10. 504.) The Romero Court also made it holding fully retroactive and explained
11. its application as follows:
12.     **"A defendant serving a sentence under the three**
13.     **strikes law imposed by a court that misunderstood**
14.     **the scope if its discretion to strike prior felony**
15.     **conviction  allegations in the further interest of**
16.     **justice pursuant to P.C. 1385 (a) may raise the**
17.     **issue on appeal of if relief on appeal is no longer**
18.     **available; May file a petition for a write of Habeas**
19.     **Corpus to secure reconsideration of the sentence"**
20.     **[citation] (ID., at p. 530, fn. 13.)**
21.     **The court also explained the circumstances under which**
22.     **reconsideration of sentence would be unnecessary.**
23.     **"Such a petition may be summarily denied if the records**
24.     **show that the sentencing court was aware that it**
25.     **possessed the discretion to strike prior felony con-**
26.     **viction allegations without the concurrence of the**
27.     **prosecuting attorney, and did strike the allegation**
28.     **or if the record shows that the sentencing court clearly**

1.  **indicted that it would not, "in any event" have**

2.  **exercised its discretion to strike the allegations."**

4.  In reviewing the sentencing transcripts, neither of the two exceptions to the

5.  reconsideration of the sentence is present in this case. Nothing in the

6.  sentencing transcripts indicates the trial court was aware it possessed the

7.  discretion to strike the questionable prior felony convictions in the further

8.  interest of justice; despite the facts, that this issue had been raised on

9.  numerous occasions, and there was a motion to strike the constitutionality

10. deficient prior felony convictions, prior to both the change of plea and the

11. sentencing phase (see motion to strike submitted Sept. 25, 2001.)by

12. petitioner.

13. The second appellate district in the Bierman opinion, which was

14. a "Pre-Romero case" and one of the most significant decisions concerning the

15. "3" strikes law; conclude, that in such circumstances as in this case, it must be

16. remanded to the trial or sentencing court for reconsideration's of the sentence

17. that was imposed because it is the appropriate remedy, where the record

18. sheds no light on the trial courts understanding of its discretion under the

19. states three strikes law. (**People v. Bierman(1977)97 Daily Journal D. A. R.,**

20. **9300;People v. Milton(1977)97 Daily Journal D.A.R. 6823; also, People**

21. **v. Stevens(1996)8 Cal. App. 4th 928,984; People v. Sotomajor(1996)7 Cal.**

22. **App. 4th 382, 390-91.)** It appears from the comments of the trial court during

23. sentencing. that it was unwilling to hear testimony, as well as to provide an

24. explanation behind its arbitrary actions to undercut the judicial prohibition

25. against an unauthorized sentence, (ie., one that violates mandatory provisions

26. governing the utilization of prior convictions to enhance or aggravate

27. punishment.) **People v. Sumstime (1984) 36 Cal. 3d 909, 18 920; 206 Cal.**

28. **Rptr. 681.**

1. It is settled law, that an individual may challenge the constitutional validity of a
2. prior conviction, wherever it is used as basis for argumenting punishment;
3. **(In re Woods (1996) 64 Cal. 2d 3; 44 Cal. Rptr. 689, 409 p. 2d 913.)** to the
4. extent that statutory machinery relating to penal statues or severity of sanction
5. is activated by the presence of the prior convictions. For, it is imperative that
6. the constitutional basis of such convictions be examined, if challenged by
7. proper allegations. **See also, United States v. Day, 949 F 2d 973 (8th Cir.**
8. **1991).** Defendant receiving a sentence enhancement based upon a prior
9. felony conviction, may be allowed to show that the earlier conviction cannot be
10. used to support the enhancement.
11. In the instant case, the courts own omission of unsurety pertaining to the
12. validity of the prior conviction and its unwillingness to substitute those prior as
13. suggested by counsel (Mr. Jeffery Fletcher) who's deficient representation,
14. which amounted to no representation at all and who also failed to present any
15. argumentation concerning the admissibility of the prior convictions during the
16. pronouncement of judgment.
17.   **"A attorney has a duty to carefully and diligently**
18.   **investigate all defenses of facts and of law, that may**
19.   **be available to his client and should promptly advise**
20.   **him of his rights and take all action necessary to pre-**
21.   **serve them. U.S.C.A. Const. Amend. 6. People v. Cotton**
22.   **(1991) 230 Cal. App. 3d 1072, 1086; 284 Cal. Rptr. 757.**
23. The court record clearly indicates the trial (Judge) court would not in any
24. event "contrary to clearly established federal and state laws," have exercised
25. its discretion to strike prior conviction; and if left unchecked, will result in a
26. denial of justice and continue to subject the petitioner/defendant to more
27. onerous punishment.
28. For this reason, habeas corpus will always issue to review the validity of a

1. sentence, when the record shows that it was imposed in excess of the courts
2. jurisdiction. **In re Esteader (1965)63 Cal. 3d 740, 750; 48 Rptr.172; In re May**
3. **(1976) 62 Cal. App. 3d 115 13 Cal. Rptr.35.** see also, In re Huffman **(1986)4**
4. **Cal. 3d 552; 229 Cal. Rptr. 789.** This principle has been applied in several
5. contexts, among which are; Romero errors. **In People v. Superior Court**
6. **(Romero) 13 Cal. 4th 447. 53 Cal. Rptr. 2d** 789.
7. The California Supreme Court ruled that the trial court has discretion **under**
8. **penal code 1385.** to dismiss a prior conviction found to be untrue **under P.C.**
9. **667 (b) – (i) and 1170.12.** when the record is silent, as to whether the trial
10. court understood the scope of its discretion. Habeas corpus is the appropriate
11. vehicle to obtain review. **People v. Fuhrman (1974) 16 Cal. 4th 930, 944; 64**
12. **Cal. Rptr. 2d 1.** sentence argumented by invalid prior conviction. **People v.**
13. **Sumstime ( 1984) 36 Cal. 3d 909;206 Cal Rptr. 707 In re Ragers (1980) 28**
14. **Cal. 3d 429; 169 Cal. Rptr. 222. In re Barttett (1977) 15 Cal. App. 3d 176;**
15. and under sentence violated constitutional rights. **In re Dewing (1977) 19**
16. **Cal. 3d 54; 132 Cal. Rptr.78.** (ex post facto); **In re Kapperman (1974)11 Cal.**
17. **3d 542; 114 Cal. Rptr. 97. (Equal Protection);** In re Foss (1974) 10 Cal. 3d
18. **9910; 12 Cal. Rptr. 649. (Cruel or unusual punishment).**a habeas corpus
19. petition challenging the petitioners current or future confinement may also
20. challenge the constitutionality of any prior completed sentence and conviction
21. used to enhance the petitioner's current confinement, **Brook v. Weston (9th**
22. **Cir. 1994) 31 F. 3d 887, 888.** See also, Curtis v. U.S. **(1994) 511 U.S. 488;**
23. **128 L. ed 2d 517; 114 s. c t. 1732; Parke v. Raley (1992) 506 U.S. 20;121 L.**
24. **ed 2d 391; 113 s. ct. 517.** and that a defendant may accordingly obtain a
25. reduction of a sentence that was imposed on the basis of that invalid...........
26. conviction. **Garcia v. Superior Court(1997) 14 Cal. 4th 453; 59 Cal. Rptr. 2d**
27. **858; 328 p. 2d 572.**
28. /

### B.    INEFFECTIVENESS OF COUNSEL AT SENTENCING. COUNSEL FAILED TO INVESTIGATE AND CAREFULLY CHECK PRIORS TO BE SURE THEY WERE VALID BEFORE ADVISING THE PETITIONER TO ADMIT THEM.

1. The claim asserted in this petition is that the petitioner was
2. deprived of his constitutional rights to effective assistance of
3. counsel, during the change of plea and during the sentencing phase.
4. This constitutional claim cannot be present as strongly in the
5. petitioner's application for certificate of probable cause pursuant
6. to **Pen. C. 1237.5, Rule 31 (d) of the rule of the court**, as it is
7. herein; because if factual basis rested in past on evidence in addi-
8. tion to that contained in the petitioner's application for certificate
9. of probable cause. **(declaration) see exhibit "C".** Although habeas
10. corpus cannot serve as a second appeal or application of appeal ability.
11. Denial of the right to counsel is a claim cognizable on habeas corpus
12. whether or not it was raised in the petitioner's application for appeal
13. ability. Because, a petitioner is not precluded from raising for the
14. first time, a claim asserting the deprivation of certain fundamental
15. constitutional rights. In part, Strickland itself commands that the
16. ultimate test for relief, is not formalistic:
17.      **"In every case the court should be concerned with**
18.          **whether, despite the strong presumption of reliability**
19.          **the results of a particular proceeding is unreliable**
20.          **because of a breakdown in the adversarial process**
21.          **that our system counts on to produce just results.**
22.          **Strickland 466 U.S. at 696; 104 s. c t. 674 (1984).**
23. The petitioner contends that he was represented by retained counsel
24. who failed to exercise professionalism, while acting in the best interest
25. of his client. What becomes relevant to the issues herein, is the indeniable
26. facts, that counsel allowed petitioner to enter into a conflicting situation
27. during the change of plea and during sentencing, that compromised and
28. deprived petitioner of his constitutional rights to adequate representation

1. and effective assistance of counsel as defined in The true spirit of the sixth
2. Amendment of the United States Constitution Article 1, 15, of the
3. California Constitution; to include, the minimum standard set forth by the
4. American Bar Association.
5. On March 4, 2002, on the first day of what was supposed to be a 1538.5
6. motion to suppress hearing, petitioner's counsel knew he was not ready to
7. enter into the arena of trial in this matter. Petitioner's counsel knew that he
8. had not properly investigated the case fully; willfully, intentionally, and
9. maliciously sought ways to compromise the $10,000 dollars retainer fee
10. by allowing the prosecutor to proceed with "trial proceeding" for three
11. whole days, without presenting any "In liminie Motions" instead of moving
12. forward with the 1538.5 hearing like he was retained to perform.
13. On March 6, 2002, Attorney Jeffery Fletcher, threatened to withdraw his
14. representation, thus forcing petitioner/defendant to change his plea
15. against his will; while allowing the information of an illegally imposed prior
16. conviction to remain unchallenged instead of making an objection or
17. asking  for a brief continuance to research and address the issue.
18.     In **Anders v. California**(1967) 386 **U.S. 738.** The court required
19. counsel to set forth the legal issues with citations to the appropriate
20. authority, and argue all issues that are arguable. Counsel must not
21. however, argue the case against his or her client, or describe the issues to
22. the court as frivolous; as counsel Fletcher so willfully and maliciously did,
23. instead of acting in the best interest of his client. . .To at least motion the
24. court to "Romero" the defective priors from the allegation, not to just settle
25. the case by substituting one defective prior conviction for another one.
26. while treating the matter of the sentencing enhancement issue, as if it
27. was non-existent by offering no argumentation whatsoever.

1  One federal court in Cool v. Lynaugh (5th cir. 1987) 821 F. 2d 1072, 1078.
2  found prejudicial ineffective assistance of counsel, because defense
3  counsel failed to investigate whether the prior enhancements alleged under
4  P.C. 667  (a) were invalid or whether the defendant was assisted by
5  competent counsel on the enhancing prior. Actually, the court found that
6  the facts of the case would have altered a reasonably competent attorney
7  to the need to investigate. Accordingly, a claim of ineffective assistance of
8  counsel based on a failure to make a motion, must demonstrate not only
9  absence of any tactical reason for omission, but also, that the motion would
10 have been meritorious. For, if it appears that trial counsel has waived or
11 invited a potentially significant error; then there could be no conceivable
12 tactical reason for an act of omission by trial counsel.
13    **(example) "When trial counsel has failed to preserve a**
14    **potentially dispositive issue by failing to object or objecting**
15    **on the wrong grounds; the defendant has been denied**
16    **effective assistance of counsel." Belcher (1979) 11 Cal.**
17    **3d 91, 96; 113 Cal. Rptr. 1.; People v. Mattson (1990)**
18    **50 Cal. d 826, 876; 268 Cal. Rptr. 802; 789 P. 2d 983.**
19    **(Claim based upon failure to make motion to strike.)**
20    **Strickland v. Washington (1984) 466 U.S. 688, 686**
21    **People v River (2003) 107 Cal. App. 4th 1344;**
22    **133 Cal. Rptr. 2d 176. People v. Marshall (1996)**
23    **13 Cal. App. 4th 799, 825 n I, 55 Cal. Rptr. 347**
24 To explain why attorney Jeffrey Fletcher, failed at sentencing to note the
25 substantial record of the prior 667 (a) enhancement alleged and why he
26 did not raise the issue of the constitutional validity of the charged priors in
27 question; affirmatively shows, that counsel failed to carefully and diligently
28 investigate all defenses of facts and laws, that were available to him.

1.  Whereas, to protect the fundamental rights of his client against any related
2.  administrative proceedings, whose sole purpose of it is to use the prior
3.  enhancements to impose additional sanctions on his client; cannot be
4.  explained on the basis of any knowledgeable choice of tactics, founded in
5.  any prevailing law.
6.  **note:**
7.      **It is the rights of a lawyer to undertake the defense of a person**
8.      **accused of a crime, regardless of his personal opinion to the guilt**
9.      **of the accused otherwise, innocent persons, victims only of**
10.     **suspicious circumstances, might be denied a proper defense.**
11.     **Having undertaken such a defense; the lawyer is bound by all fair**
12.     **and honorable means to present every defense that the law of**
13.     **the land permits, to the end, that no person may be deprived of**
14.     **life or liberty, but, by due process of law.**
15.                             **Canon V**
16.                             **Canons of Professional Ethics**
17.                             **of the American Bar Association.**
18.  In California, effective assistance of counsel requires counsel to be
19.  familiar with and adequately investigate all the priors to be sure the priors
20.  are valid before advising his client to admit them. **See People v. Plager**
21.  **(1987) 196 Cal App. 3d 1537, 1542; 141 Cal. Rptr. 624.** (defense counsel
22.  incompetent for advising defendant to admit priors that the prosecutor would
23.  not have been able to prove.
24.  Defense counsel Jeffery Fletcher, who failed to review the questionable
25.  prior enhancement records, precluded any exercise of judgment on his part.
26.  Mainly because, reviewing the substantial record is probably one of the
27.  single most important task of an attorney (whether retained or appointed.)
28.  prior to sentencing, which can be very enlightening before proceeding to the

1. penalty phase, en-conjunction to any plea agreement. This surely is or ought
2. to be the standard and even more so in relation to the all-controlling
3. sentencing laws. It simply disgraces standards generally to label as
4. acceptable; the performance of a lawyer, who does not pursue "the issues"
5. the best interests of his client, with professional zeal.
6. **The Second Circuit has, using the Strickland language, quoted that:**
7.    **"Counsel who falls asleep. . . cannot be said to have been**
8.     **effective. Tippers v. Walker, 77 F. 3d 682 (2d Cir. 1996.)"**
9. Like every other court/circuit that has ruled the matter of sentencing
10. enhancement or constitutionality of prior convictions validity. . If challenged
11. at sentencing and followed through on any appeal, and if the prior cannot
12. meet the constitutional muster of the law;
13.    **"A sentence caused by carelessness or design is inconsistent**
14.     **Burke, 334 U.S. 736; 68 s. c t. 1252 92 L. ed. 1690.**
15.              **CONCLUSION**
16. For the aforementioned reasons, this case should be remanded for
17. modification or reduction of sentence.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

# EXHIBIT A

Prior Was removed from
the information on: 3/13/98
Because it did not meet the challenge.
In 1994.

```
JCQD *CRT :01440*DOCK :426660  *CEN :7182757     *.,          07/15/98 2236 01
*LNAM :DENNIS          *FNAM :WILLIE     *MNAM :           *GEN :JR
*.,ARST-DATE: 09/15/97 AGENCY: 00109*STAT :SET *BAIL :200000.00*TW :Y :  /  /
*.,   STAT    BAIL   BOND-CO  SURE-CO  BOND-NUMBER      BOND-DATE
*.,BOND1;        ;       ;       ;                   ;   /  /
*.,BOND2;        ;       ;       ;                   ;   /  /
*DFNS :PD-PANDELL      *PROS :KLINGE         *PDEF :09712213  *REF :ACPT
NOTATIONS;              CERT CRT   ;     DEPT   ADV DATE   /  /
FINE PAID :     *DATE:   /  / *RECPT;              *DCCO :      *RFN :AMH375
   ASSOCIATED DOCKETS; 01100 132261               ;
   COURT APPEARANCES  DPT PROC / RESULTS
```

OAK MUNI 09/17/97  1400  06  ARR    ARRAIGNED                   REF/PUBLIC DEFENDER
                                    CONTINUED
         09/18/97  1400  06  ATY&P  PUBLIC DEFENDER ENTERS FORMAL ARRGN WAIVED
                                    CONTINUED
         09/26/97  0900  06  PLEA   M/INCREASE BAIL-G           WITHOUT PREJUDICE
                                    CONTINUED
         10/06/97  0900  06  PLEA   FORMAL ARRGN WAIVED         PLEA ENTERED
                                    TIME WVD/PRELIMINARY        PRIORS DENIED
                                    USE ALLEGATION-DENIED       CONTINUED
         10/31/97  0900  06  SET    MOTION GRANTED              CONTINUED
         11/13/97  0900  06  SET    CONTINUED
         11/19/97  1400  07  MARMO  SET
                                    MOTION DENIED               CONTINUED
         01/07/98  0900  06  PX     MOTION GRANTED              CONTINUED
         01/29/98  0900  03  PX     MOTION DENIED               CONTINUED
         02/09/98  0900  03  MCONT  MOTION GRANTED              DATE(S) VACATED
                                    CONTINUED
         02/25/98  1400  03  PPX    M/EXCLUDE WITNESS--G        EVIDENCE BY BOTH SIDES
                                    HELD TO ANSWER              SUP CRT ARRGN DATE SET
SUP. COURT 03/11/98  0900  07  ARR    CONTINUED
         03/13/98  0900  07  ARR    (CHANGE OF PLEA             USE ALLEGATION-DENIED
                                    PRIORS STRICKEN)            TIME WAIVED FOR TRIAL
                                    CONTINUED
         05/04/98  1400  07  MSUP5  CONTINUED
         05/19/98  1400  07  MSUP5  CONTINUED
         06/10/98  1100  07  PITMO  SMSUP  MFD
                                    MOTION GRANTED              CONTINUED
         07/14/98  1400  07  MSUP5  DATE(S) SET
         09/10/98  1400  07  JT
         09/21/98  1400  07  MSUP5
DMV RPT :  DMV COND :
SEARCH CONDITIONS :    SENTENCE DATE :  /  /  MODIFICATION DATE :  /  /
   COUNT  DATE/ENTRY CD  SECTION    M/F WARRANT  PRS IPL FPL  DISP/DATE DISP
   1 :   :03/10/98 :PC :211 2D USE :F :        :   :NG :  :  /  /  :
   2 :   :03/10/98 :PC :211 2D USE :F :        :   :NG :  :  /  /  :
   3 :   :03/10/98 :PC :211 2ND    :F :        :07 :NG :  :  /  /  :
```

*10-8-98 continued until 10-22-98*
*10-26-98*

# EXHIBIT B

Sentencing Transcripts

June 2002

INMATE COPY

1       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2          IN AND FOR THE COUNTY OF ALAMEDA

3       BEFORE THE HONORABLE KENNETH R. KINGSBURY, JUDGE

4                  DEPARTMENT NO. 6

5                    ---oOo---

6

7

8    THE PEOPLE OF THE STATE OF CALIFORNIA

9                           Plaintiff,

10              vs.                        No. 132261

11   WILLIE DENNIS, JR.,

12                       Defendant.

13   _____/                COPY

14

15

16

17      COURTHOUSE, OAKLAND, ALAMEDA COUNTY, CALIFORNIA

18              FRIDAY, JUNE 7, 2002

19                    ---oOo---

20          **PROCEEDINGS ON SENTENCE**

21                    ---oOo---

22

23

24

25              A P P E A R A N C E S :

26   For the People:         THOMAS BARNI, Deputy D.A.

27   For the Defendant:      JEFFREY FLETCHER, ESQ.

28

GERALD A. DOHRMANN, C.S.R.#2046

1

1          FRIDAY, JUNE 7, 2002

2              ---oOo---

3          - P R O C E E D I N G S -

4              ---oOo---

5          THE COURT:  This is the matter of Willie

6    Dennis, Jr., 132261.

7          Counsel, your appearances this morning?

8          MR. FLETCHER:  Jeffrey Fletcher for Mr.

9    Dennis.

10         MR. BARNI:  Tom Barni of the District

11   Attorney's office for Julie Dunger.

12         THE COURT:  Good morning.

13         The matter is on today for report and sentence.

14   This was a case that was settled in this department some

15   time ago, and my recollection is that Mr. Dennis wanted

16   to put the sentencing off.

17         Are you ready for sentencing today?

18         MR. FLETCHER:  Yes.  Mr. Dennis is not ready.

19   It creates a little bit of a problem.

20         THE COURT:  Okay.  Tell me.

21         MR. FLETCHER:  I may need to withdraw if we

22   can't do the sentencing.  So, I would -- I moved from

23   the area.

24         THE COURT:  Have you?

25         MR. FLETCHER:  Yes.

26         THE COURT:  Is there a particular reason for a

27   continuance at that point?  Is it just a time factor, so

28   I could impose the sentence today and put it over for

1  execution of sentence?

2      Or, Mr. Dennis, you feel free to tell me why you

3  want it to go over again.

4      THE DEFENDANT:  Actually, Your Honor, I was

5  trying to get some information that I had been inquiring

6  about that prior we discussed before.  And some reason

7  it seemed like a transcript has disappeared, you know.

8  But it seemed like everybody knows about it but me.

9      You know, so I've been waiting on some investi-

10  gation about this transcript to come through right now

11  whereas I can address this prior issue before I was

12  sentenced, because it is going to impose a problem in my

13  sentencing.

14      MR. FLETCHER:  One way to get around that,

15  Your Honor, could be, he has another 211 prior.

16      THE COURT:  He has four of them.

17      MR. FLETCHER:  Well, you can substitute --

18  there are two priors that he's concerned about.  Those

19  are the priors that he admitted for purposes of the

20  sentencing.

21      THE COURT:  No. 1 and No. 6.

22      MR. FLETCHER:  Yes.  If you use the other 211

23  priors, then that would eliminate that issue.

24      THE DEFENDANT:  Actually, it wouldn't

25  eliminate that issue, because that issue would still be

26  there.

27      You know, I'm trying to solve that issue right

28  now, which I thought I had had in 1994, but unfortu-

GERALD A. DOHRMANN, C.S.R.#2046

1  nately, but for somehow reason, it's popped back up, and

2  now I'm being told that it could be used against me.

3  And I'm surprised, you know, because I know Joseph Jay

4  didn't stipulate that in the record in 1994, and I'm

5  trying to show this by the transcript as far as the

6  prior can't be used, period.

7         THE COURT:  Well, I don't know that Judge Jay,

8  unless that docket number was actually before him at

9  that time, would actually have jurisdiction to handle

10 that unless that whole prior, not just as an allegation

11 attendant to some new alleged crime, but the old prior

12 case itself was on for the purpose of deciding if it was

13 constitutionally infirm or not.

14         THE DEFENDANT:  That's correct.

15         THE COURT:  You have made your record here

16 today, and I think you made it before that you had some

17 question about it.  The prior was admitted for the

18 purpose of this disposition.

19         I suppose if evidence in the future should

20 develop that, you can take whatever legal action you

21 deem appropriate.

22         I'm prepared to impose sentence today.  Is there

23 any legal cause other than that that's been stated here?

24         MR. FLETCHER:  No.

25         THE COURT:  Formal arraignment for sentence

26 waived?

27         MR. FLETCHER:  Yes.

28         THE COURT:  The defendant in this case, Willie