1   Dennis, having been convicted of the crime of robbery as

2   alleged in count two of the Information, it's the order

3   of the Court, and it's hereby ordered, adjudged and

4   decreed, that the punishment for the said offense, the

5   defendant be imprisoned in the State Prison of the State

6   of California for a period of two years.

7          That would be doubled for a total of four years

8   based on the fact of his prior conviction that was

9   alleged in count one as a strike prior.

10         So, the total term, after it's been doubled for

11  count two, will be four years in prison.

12         As to the first prior conviction, that is a

13  strike, it is also a serious felony, and the new offense

14  is a serious felony, and an additional five years will

15  be added for the first prior.

16         The second prior conviction was also admitted,

17  but that was served at the same time as the first prior

18  conviction.  So, an additional five years will not be

19  ordered, as I believe if I did order five years.

20         And I'm not sure how to do this, Mr. Barni.  You

21  have dealt with these more than I, where a person has

22  served two concurrent terms, there's only one five-year

23  prior, do I sentence on both and stay?

24         MR. BARNI:  I think that's the safer course.

25         THE COURT:  I will try on that.

26         So, he will be sentenced to an additional five

27  years in prison, but that will be stayed pending service

28  of the term ordered in count one.

GERALD A. DOHRMANN, C.S.R. #2046

1    As to prior No. 6, that was also a serious or
2  violent felony prior, and an additional five years will
3  be added for that.

4    As to prior No. 7, again, this was served at the
5  same time as the term ordered in No. 6, and he can only
6  serve one five-year period. So, five years will be
7  ordered on that, but it will be stayed pending
8  completion of the term on count six.

9    As to priors 2, 6 and 7, it's the understanding
10  of the Court's overall disposition in this case that the
11  Court would, quote, Romero, unquote, those priors, and
12  they not be effective as strikes.

13    So, to recap the sentence: Four years on the
14  count, two five-year priors, for a total of 14 years.

15    Now, as to credit for time served in this matter,
16  according to my calculations, he has 17 hundred and 27
17  days as of today. Is that what you show?

18        THE BAILIFF: Yes, Your Honor.

19        THE COURT: And he would be entitled under
20  current law to only 15 percent. But since these
21  offenses occurred, this offense occurred in 1997, that
22  is, prior to the time when any robbery resulted in an 85
23  percent credit, so it's my understanding that when this
24  offense was actually committed, it was, quote, unquote,
25  half-time eligible.

26    The new law concerning any robbery didn't go in
27  effect until after this crime was committed, and I
28  believe that was stipulated to at the time of the plea.

GERALD A. DOHRMANN, C.S.R. #2046

1    Ms. Dunger looked into it, also.

2            So, in that regard, he will be awarded 862 days

3    of conduct credit, for a total of 2,589 days of total

4    time.

5            He is required, if he hasn't done so already, to

6    give blood and saliva samples pursuant to section 296 of

7    the Penal Code.

8            The Court will order a restitution fine of $2,000

9    pursuant to 1202.4 of the Penal Code.

10           The Court will also order a like amount under

11   1202.45 of the Penal Code, a parole restitution fine, of

12   $2,000, but that will be suspended pending the success-

13   ful completion of parole.

14           Any restitution order in this case will be

15   reserved.  I don't have any information that would allow

16   me to make such an order at this point.  So,

17   restitution, in terms of a restitution order, will be

18   reserved.

19           Anything else?

20           MR. BARNI:  May we approach the bench for a

21   moment?

22           THE COURT:  Sure.

23           (Short discussion off the record)

24           THE COURT:  The question raised here at

25   sidebar was the credit-for-time-served issue, and I

26   believe that the prosecutor is correct when he indicates

27   that credits are somewhat limited if a person is

28   sentenced on a strike as opposed to the 85 percent rule.

7

1    Where 2933.1 of the Penal Code is involved, that means

2    '85 percent throughout.

3            But in this case, it's my understanding of the

4    law that he is entitled to conduct credits at the

5    regular county rate, that is, two days off for every

6    four days served.

7            Now, once he reaches the Department of

8    Corrections, that compilation of custody credits changes

9    because of the strike to 80 percent.

10           At this point he will be remanded to the Sheriff

11   of Alameda County to be delivered to the Department of

12   Corrections pursuant to this order.

13           Anything further?

14           MR. BARNI:  No.

15                        ---o0o---

16

17

18

19

20

21

22

23

24

25

26

27

28

GERALD A. DOHRMANN, C.S.R. #2046

```
 1   STATE OF CALIFORNIA )
                         )   ss.
 2   COUNTY OF ALAMEDA   )

 3

 4

 5                 CERTIFICATE OF REPORTER

 6        I, GERALD A. DOHRMANN, Certified Shorthand

 7   Reporter, do hereby certify that I am an Official Court

 8   Reporter of the Superior Court of the State of

 9   California, and that, as such, I reported the

10   proceedings had in the above-entitled matter at the

11   time and place set forth herein.

12        I further certify that my stenograph notes were

13   thereafter prepared by computer-assisted transcription

14   into typewriting, and that the foregoing pages numbered

15   1 through 7 constitute a full, true and correct

16   transcription of said notes in the above-entitled

17   proceedings.

18        Dated at Oakland, California, this 18th day of

19   June, 2002.

20

21

22

23        GERALD A. DOHRMANN, C.S.R. #2046

24

25

26

27

28
```

GERALD A. DOHRMANN, C.S.R. #2046

# EXHIBIT C

Order's Of the California
① Superior Court
② Court of Appeals
③ California Supreme Court

EXHIBIT H

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          Dept. No. 9

Date: March 21, 2005          Hon. LARRY J. GOODMAN, Judge          Irene Crowell, Deputy Clerk.
                                                                    Not Reported, Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | No Appearance |
| Plaintiff | | |
| vs. | Counsel appearing | No Appearance |
| | for Defendant | |
| WILLIE DENNIS JR. | Probation Officer | No. Appearance |
| Defendant | appearing | |

Nature of Proceedings:  **ORDER OF THE COURT REGARDING
                         MOTION FOR TRANSCRIPTS**

                                                    **Case No.132261**
                                                    **PFN: AMH375**
                                                    **CEN: 7182757**

The Court having received, read and considered the Motion for transcripts is denied.  Defendant's request lacks
sufficient specificity for the court to make a proper ruling.  Further, some of the requests relate to proceedings that
did not occur as indicated in the request, (ie there was no hearing held on March 10, 1994).

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause.
I served **ORDER OF THE COURT REGARDING MOTION FOR TRANSCRIPTS** by placing copies in envelopes
addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid
postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following
standard court practices.

**Willie Dennis Jr.
High Dessert State Prison
P.O Box 3030
Susanville, CA  96127
CDC or ID Number T-56859**

Dated: March 28, 2005

By: _Irene Crowell_
       Irene Crowell, Deputy Clerk

Writ - Willie Dennis Jr.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA     Dept. No. 513

Date:10/24/05                Hon.C. Don Clay, Judge              Judy Ann Warren, Dep.Clk.
                                                                 Not Reported

---

THE PEOPLE OF THE STATE OF CALIFORNIA          Counsel appearing          , Deputy
                                               for Plaintiff      District Attorney
                        Plaintiff

vs.                                            Counsel appearing
                                               for Defendant
Willie Dennis, Jr.                             Probation Officer
                        Defendant              appearing          Deputy

---

Nature of Proceedings:  Motion for Production of Transcripts          Case No. 118527-b
                                                                      PFN: AMJ375
                                                                      CEN: 3210809


Defendant's motion for the production of transcripts is **DENIED.**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          Dept. No. 9

Date: February 21, 2006     Hon. LARRY J. GOODMAN, Judge          Fil R. Cruz, Deputy Clerk.
                                                                  Not Reported, Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | No Appearance |
| Plaintiff | | |
| vs. | Counsel appearing | No Appearance |
| WILLIE DENNIS, JR. | for Defendant | |
| | Probation Officer appearing | No. Appearance |
| Defendant | | |

Nature of Proceedings:  **ORDER OF THE COURT**
                        **REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

                                                    **Case No. 132261**
                                                    **PFN:   AMH375**
                                                    **CEN: 7182757**

The Petition for writ of habeas corpus is denied. The Petition is untimely and Petitioner has failed to demonstrate good cause for the delay in filing the Petition. Nor has the Petitioner explained why the Petition is exempt from the timeliness requirements. If the Petition is timely or exempt from the timeliness requirements, the Petition fails to state a prima facie case for relief. There were no violations of Petitioner's due process rights, nor improper use of priors for sentencing. Petitioner agreed to a specific term of imprisonment. No legal cause for imposing the sentence was stated at the sentencing.
In addition Petitioner has failed to establish a claim for ineffective assistance of counsel. Petitioner has not shown that his counsel's conduct failed to conform to an objective standard of reasonable competence. In addition, Petitioner has failed to demonstrate that his counsel's actions or omissions prejudiced him in any way in his case.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Willie Dennis, Jr. #T-56859
Avenal State Prison
P.O. Box 9/ 610-1-48 low
Avenal, Ca 93204
CDC or ID Number T-56859

Dated:  February 22, 2006

By: _____
        Fil R. Cruz, Deputy Clerk

Writ - Dennis, Willie, Jr.

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

```
┌─────────────────────────────────────────┐
│                  FILED                    │
│  Court of Appeal First Appellate District │
│             JUN 2 2 2006                  │
│            Diana Herbert, Clerk           │
│  By_____Deputy Clerk           │
└─────────────────────────────────────────┘
```

In re WILLIE DENNIS, JR.,                    A114113
    on Habeas Corpus.

(Alameda County
Super. Ct. No. 132261)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Ruvolo, P.J., Reardon, J., and Rivera, J., joined in the decision.)

JUN 2 2 2006            RUVOLO, P.J.

Date: _____  _____ P.J.

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

In re WILLIE DENNIS, JR.,                    A114502
    on Habeas Corpus.

**FILED**

JUL 2 0 2006

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
                    DEPUTY

BY THE COURT:

The petition for writ of habeas corpus is denied.  The court will not consider untimely and repetitious applications for habeas corpus.  (See *In re Clark* (1993) 5 Cal.4th 750, 767-768.)

(Reardon, Acting P.J., Sepulveda, J., and Rivera, J., joined in the decision.)

Date: JUL 2 0 2006         REARDON, ACTING P.J.
_____                    _____ P.J.

S148103

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re WILLIE DENNIS, JR., on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

MAY - 9 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
_____
Chief Justice

# EXHIBIT D

Change Of Plea   #1994

Motion Regarding the Constitutionality
   of enhanceable prior convictions

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

BEFORE THE HONORABLE JOSEPH JAY, JUDGE

DEPARTMENT NO. 38

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**MAR   4 1994**

RONALD G. OVERHOLT, Exec. Off./Clerk
By Juanita Moore

THE PEOPLE OF THE
STATE OF CALIFORNIA,

      Plaintiff,

     vs.                           Case No. 118527B
                              CHANGE OF PLEA
WILLIE NATHANIAL DENNIS, JR.,     COMMITMENT TO STATE PRISON

      Defendant.
_____/

February 9, 1994

REPORTER'S TRANSCRIPT OF PROCEEDINGS

24405 AMADOR STREET, HAYWARD, CALIFORNIA
(Hall of Justice)

APPEARANCES:

FOR THE PEOPLE:                 JOHN J. MEEHAN,
                                District Attorney
                                By:  Joseph Eichhorn,
                                     Deputy District Attorney

FOR THE DEFENDANT:              JAY B. GASKILL
                                Public Defender
                                By:  R. Byron Brown
                                     Asst. Public Defender

COPY

SHIRLEY A. WALKER, C.S.R. #2449

1

FEBRUARY 9, 1994; MORNING SESSION                3:44 P.M.

---oOo---

P R O C E E D I N G S

    THE COURT:  In the matter of People versus Willie
Dennis, Jr. the defendant is present, counsel are present, the
jury is absent from the courtroom.

    All right.  Is your client going to plead as charged?

    MR. BROWN:  Your Honor, pursuant to our discussions
in chambers there would be a no contest plea to the two counts
of robbery charged in the Information 118527.  The Court had
indicated a willingness to hear, in essence, Mr. Dennis' motion
regarding the constitutionality of the enhanceable priors, a
one-year prior and five-year prior, prior to the time sentence
is passed.  The only promise Mr. Dennis has with regard to
sentence would be the sentence would not exceed eight years
maximum.

    THE COURT:  Did you wish to be heard on that
subject?

    MR. EICHHORN:  No.

    THE COURT:  There is the question of whether --
that has not yet been litigated and the validity of the priors.

    MR. BROWN:  That's correct.  As I understand it, he
would be admitting the priors were his, but as to the
constitutionality as to each of the enhanceables, I believe that
would be a subject of the later hearing the Court would pass on
the prior sentence.

    THE COURT:  All right.  Mr. Dennis, your attorney
has indicated your intention to withdraw your previously entered

SHIRLEY A. WALKER, C.S.R. #2449

1  plea of not guilty and to enter a new and different plea of nolo

2  contendere to a violation of Section 211 of the Penal Code,

3  Count One; a violation of Section 211 of the Penal Code, Count

4  Two, and admitting the first, second, third and fourth prior

5  convictions as alleged in the Information and Action 118527.  Is

6  that what you want to do?

7          THE DEFENDANT:  Yes it is, your Honor.

8          THE COURT:  Do you understand that in California

9  the plea of nolo contendere means exactly the same thing as a

10  plea of guilty and has exactly the same effect as a plea of

11  guilty; there is absolutely no difference between those pleas?

12          THE DEFENDANT:  Yes, I do.  I understand.

13          THE COURT:  The range of sentence for the first

14  count of the Information is two, three, five years state prison.

15  The range of sentence for the second count is two, three, five

16  years state prison.  The first prior conviction carries --

17          MR. EICHHORN:  One.

18          MR. BROWN:  One year.

19          THE COURT:  -- a consecutive sentence of one year

20  state prison.  The second prior conviction -- strike that.  The

21  third prior conviction carries five years state prison.  Do you

22  understand that?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  The minimum that you would be faced

25  with under this plea would be eight years state prison.  The

26  maximum exposure is 12 years state prison.  Do you understand

27  that?

28          THE DEFENDANT:  Yes, I do, your Honor.

1    THE COURT:  Now --

2    MR. BROWN:  Pursuant to the plea he will not

3    receive in excess of eight.

4    THE COURT:  If in the event that something -- all

5    right.  There is going to be litigation pertaining to the

6    validity of the alleged prior conviction.  Do you understand

7    that?

8    THE DEFENDANT:  Yes, I do.

9    THE COURT:  And if you survive that litigation in

10    that regard, that is to say if the prior convictions are found

11    to be constitutionally valid, then you could be sentenced to up

12    to eight years state prison.  Do you understand that?

13    THE DEFENDANT:  Yes.

14    THE COURT:  Part of the constructive custody of any

15    sentence that you receive will be parole supervision from three

16    years with extensions that can extend up to four years state

17    prison.  Do you understand that?

18    THE DEFENDANT:  I understand that.  Yes, I do.

19    THE COURT:  Should you violate any of the terms on

20    conditions of your parole supervision and after hearing your

21    parole's revoked, you could be returned to state prison for a

22    successive period of one year for each parole violation.  Do you

23    understand that?

24    THE DEFENDANT:  Yes, I do.

25    THE COURT:  Also as a direct consequence of the

26    plea you would be required to pay a Victim's Restitution Fine of

27    up to $10,000.  You understand that?

28    THE DEFENDANT:  Yes I do, your Honor.

4

2

1        THE COURT: All right. I've been handed a form

2    that bears the title "Waiver on Plea of Guilty/No Contest --

3    Defendant to Initial Each Box." Have you read each word of this

4    form?

5        THE DEFENDANT: Yes, I have.

6        THE COURT: Do you understand each word of the

7    form?

8        THE DEFENDANT: Yes.

9        THE COURT: Is there anything about the form

10   whatsoever that you don't completely understand?

11        THE DEFENDANT: No I do not, your Honor.

12        THE COURT: Did you put your initials in each of

13   the boxes?

14        THE DEFENDANT: Yes, I did.

15        THE COURT: And did you sign the form here in open

16   court?

17        THE DEFENDANT: Yes I did, your Honor.

18        THE COURT: Mr. Brown, have you carefully gone over

19   the waiver plea form with Mr. Dennis?

20        MR. BROWN: I have, your Honor.

21        THE COURT: Are you satisfied that he understands

22   each and every part thereof?

23        MR. BROWN: Yes.

24        THE COURT: Did he sign it in your presence?

25        MR. BROWN: Yes, your Honor. With regard to the

26   future litigation, he was wondering why I did not put that on

27   the form. We're obviously augmenting the record orally and

28   there will be a transcript to that in terms of the Court's

3

1    indicated sentence, so I did not put that on the form that it

2    was an eight year top and that the Court will review the

3    constitutionality of the priors at a later hearing.

4            THE COURT:  That correctly states the indication

5    given?

6            MR. BROWN:  Yes.

7            THE COURT:  Mr. Dennis, by pleading nolo contendere

8    to these offenses you'll be giving up certain statutory

9    constitutional rights.  Do you understand that?

10           THE DEFENDANT:  Yes, I do.

11           THE COURT:  You're giving up your right to a trial

12   by court or by jury at your option.  Do you understand that?

13           THE DEFENDANT:  Yes, I do.

14           THE COURT:  You understand there won't be a trial;

15   we're in the middle of a jury trial; it will end at this point,

16   is that clear?

17           THE DEFENDANT:  That's right.

18           THE COURT:  Do you give up your right to a trial by

19   court or by jury?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Had such a trial gone forward with the

22   evidence in this case you would have had a right to confront,

23   that is to say, to see, hear and cross-examine each of the

24   witnesses the District Attorney presents to prove guilt beyond a

25   reasonable doubt.  Do you understand that?

26           THE DEFENDANT:  Yes, I do.

27           THE COURT:  And do you give up that right to

28   confront and cross-examine the witnesses in front of you against

6

3

1   you?

2              THE DEFENDANT:  Yes I do, your Honor.

3              THE COURT:  Again you have the privilege against

4   self-incrimination, which is your right to remain silent and

5   require the District Attorney to prove his case against you

6   beyond a reasonable doubt without reference of anything you

7   might testify to or otherwise supply.  Do you understand that?

8              THE DEFENDANT:  Yes, I do.

9              THE COURT:  And do you wish to give up that

10  privilege against self-incrimination?

11             THE DEFENDANT:  Yes, I do.

12             THE COURT:  Do you give up your right against

13  self-incrimination?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Additionally, you would have the right

16  to offer evidence on your own behalf on the basis of the

17  subpoena power of the Court to compel the attendance of

18  witnesses and production of evidence to be offered on your

19  behalf at a trial.  Do you understand that?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Do you give up that right?

22             THE DEFENDANT:  Yes, I do.

23             THE COURT:  Do you give up your right to the

24  subpoena power of the court, an appeal, the attendance of

25  witnesses and production of witnesses on your own behalf?

26             THE DEFENDANT:  Yes, I do.

27             THE COURT:  Has there been any promises or threats

28  of representation to you by any person whatsoever to get you to

3

1   enter your plea of nolo contendere other than what's stated on

2   the record in open court this afternoon?

3                THE DEFENDANT:  No, it hasn't.

4                THE COURT:  Have you had enough time to discuss the

5   advisability of this plea with the attorney, including the

6   consequence of the plea?

7                THE DEFENDANT:  Yes I have, your Honor.

8                THE COURT:  Are you satisfied with your

9   understanding of your position in the plea?

10               THE DEFENDANT:  Yes, I am.

11               THE COURT:  Are you entering this plea freely and

12   voluntarily?

13               THE DEFENDANT:  Yes, I am.

14               THE COURT:  And now do you also understand, Mr.

15   Dennis, that you have a right to have the subject of the prior

16   convictions separately tried and that would -- you'd have a

17   right to a trial by court and jury also, do you understand that?

18               THE DEFENDANT:  Yes.

19               MR. BROWN:  What I've explained to Mr. Dennis, your

20   Honor, there's essentially two issues that are before the Court.

21   One, are these prior convictions suffered by Mr. Dennis and,

22   two, are they in fact constitutionally valid?  He indicates to

23   me he understands as to the identity issue.  He's willing to

24   indicate these priors were suffered by him reserving the issue

25   of the constitutionality.

26               THE COURT:  You would have a right, if you saw fit

27   to do so, to go forward with a full trial on the issue of the

28   validity of the prior -- the fact of the prior convictions and

3

1    that could be a trial by court or jury also.  Do you understand?

2                THE DEFENDANT:  Yes.

3                THE COURT:  You previously waived your right to a

4    jury trial in that connection, you understand that?

5                THE DEFENDANT:  Yes.

6                THE COURT:  You will be going forward to trial as

7    to the -- strike that.  You'll be -- can he admit the truth of

8    the priors for purposes of the record?

9                THE DEFENDANT:  They are his, yes.

10               THE COURT:  So you would be giving up your right to

11   a further trial as to the fact of the prior convictions having

12   occurred.  Do you understand that?

13               THE DEFENDANT:  Yes, I do.

14               THE COURT:  And in that connection do you give

15   up -- do you give up your right to cross-examine and exam the

16   witnesses in front of you with respect to the enhancement of the

17   alleged prior convictions?

18               THE DEFENDANT:  Yes, I do.

19               THE COURT:  do you give up your right to

20   self-incrimination, an alternative right to testify in your own

21   behalf as to each and every alleged prior conviction?

22               THE DEFENDANT:  Yes.

23               THE COURT:  Is there a motion for plea of not

24   guilty?

25               THE DEFENDANT:  Yes.

26               THE COURT:  Granted with respect to the first count

27   of the complaint.  I'm going to read the complaint.

28               MR. EICHHORN:  Could I interrupt?  With the Court's

1    permission may I voir dire on the priorability aspects of these

2    particular pleas?

3                    THE COURT:  That's a collateral consequence.  If

4    you feel you want to do that on the record you can.  I don't

5    think it's necessary or required.

6                    MR. BROWN:  In this case I think it would be

7    appropriate.

8                    MR. EICHHORN:  I would also, especially with

9    impending legislation and balance and what have you.

10                    VOIR DIRE BY MR. EICHHORN

11   Q.    Mr. Dennis, you are pleading no contest this afternoon to

12   two serious felonies.  Each robbery is a serious felony.

13   Because they were brought together, they're being tried together

14   under one docket number.  They would constitute one, five-year

15   enhancement if you commit another serious felony in the future.

16   Do you understand that?

17   A.    Yes, I do.

18   Q.    Also, since you will be going to prison on this case,

19   because probation will be denied under the law -- because you

20   will be going to prison on this case, if you commit another

21   felony in the future that's not a serious felony but that you do

22   go to prison for, that would add one year to the sentence in

23   that new felony case.  Do you understand that?

24   A.    Yes, I do.

25                    MR. EICHHORN:  Thank you.  Thank you, your Honor.

26                    THE COURT:  All right.  Mr. Dennis, are you

27   entering your plea of nolo contendere -- strike that.  The first

28   count of the information reads as follows.

4

1    The District Attorney of the County of Alameda hereby
2    accuses Willie L. Dennis of a felony, to wit:  Robbery, a
3    violation of Section 211 of the Penal Code of California in that
4    that on or about the 10th day of November, 1993, in the County
5    of Alameda, State of California, said defendant did then and
6    there rob Shahrzad Khorsandi of lawful money of the United
7    States, clothes, coat, purse and contents.
8        To that charge what is your plea, Mr. Dennis?
9            THE DEFENDANT:  No contest, your Honor.
10           THE COURT:  The second count of the complaint reads
11   as follows.  And the said Willie Dennis is further accused by
12   the District Attorney of the County of Alameda, by the second
13   count of the Information, of the felony, to wit:  Robbery, a
14   violation of Section 211 of the Penal Code of California in that
15   on or about the 9th day of November, 1993, in the County of
16   Alameda, State of California, said defendant did then and there
17   rob Susan Mariam of clothes.  To that charge what is your plea?
18           THE DEFENDANT:  No contest.
19           THE COURT:  With respect to the first alleged prior
20   conviction insofar as it pertains to you, Mr. Dennis, which
21   reads as follows:  The District Attorney of the County of
22   Alameda further charges that before the commission of the
23   offense specified above, said defendant, Willie L. Dennis on or
24   about the 18th day of May, 1988, convicted in the Superior Court
25   of the State of California, in and for the County of Alameda of
26   the crime of felony, to wit:  Theft of a vehicle, a violation of
27   Section 10851 of the Vehicle Code of California, and served a
28   separate prison term therefor.

4

1          The District Attorney of the County of Alameda further

2     charges between the date of commission of the offenses charged

3     in this Information and the date of completion of the prison

4     term for the above offense, defendant has not remained free for

5     any five-year period of prison custody and the commission of an

6     offense which resulted in a felony conviction.  As to that

7     alleged prior conviction what is your plea?

8              THE DEFENDANT:  That's mine.

9              THE COURT:  As to the second alleged prior

10    conviction reads as follows.  The District Attorney of the

11    County of Alameda further charges that before the commission of

12    the offense charged in this Information, and on or about the

13    12th day of March, 1985, the said Willie L. Dennis was convicted

14    in the Superior County of Alameda, of a felony, to wit:  Felon

15    in possession of a firearm, and that pursuant to said received

16    probation, to that prior conviction what is your plea?

17             THE DEFENDANT:  This is also mine, your Honor.

18             ~~THE COURT:    The third prior conviction reads~~ as

19    ~~follows.~~  The District Attorney ~~of the~~ County of Alameda further

20    charges that before the commission of the offense specified

21    above, said defendant, Willie L. Dennis on or about the 1st day

22    of July, 1982, was convicted in the Superior Court of the State

23    of California, in and for the County of Alameda, of the crime of

24    felony, to wit:  Robbery with a use clause, a violation of

25    Section 211 of the Penal Code of California, separately brought

26    and tried; is that correct?

27             ~~MR. EICHHORN:  That is correct, right.  There would~~

28    ~~strike that language from the fourth one.~~

SHIRLEY A. WALKER, C.S.R. #2449

12

1   THE ~~COURT:~~ ~~Your~~ ~~plea~~ ~~so~~ ~~that~~ ~~separately brought~~

2   ~~and tried"?~~

3   MR. ~~EICHHORN:~~ ~~Not~~ ~~from~~ ~~the~~ ~~third~~ ~~but~~ ~~from~~ ~~the~~

4   ~~fourth.~~

5   THE COURT:  No objection?

6   MR. BROWN:  Yes, your Honor.

7   THE ~~COURT:~~ ~~All~~ ~~right.~~ ~~The~~ ~~motion~~ ~~to~~ ~~strike~~ ~~is~~

8   ~~granted.~~ ~~We~~ ~~are~~ ~~referring~~ ~~again~~ ~~to~~ ~~the~~ ~~alleged~~ ~~third~~ ~~prior~~

9   ~~conviction~~ ~~which~~ ~~reads~~ ~~as~~ ~~follows.~~  The District Attorney of the

10  County of Alameda further charges that before the commission of

11  the offense specified above, said defendant, Willie L. Dennis on

12  or about the 1st day of July, 1982, was convicted in the

13  Superior Court of the State of California in and for the County

14  of Alameda for the crime of felony, to wit:  Robbery with a use

15  clause, a violation of Section 211 of the Penal Code of

16  California, served a separate prison term therefor, what is your

17  plea to that?

18  THE DEFENDANT:  That's mine.

19  THE COURT:  ~~With~~ ~~respect~~ ~~to~~ ~~the~~ ~~alleged~~ ~~fourth~~

20  ~~prior~~ ~~conviction~~ ~~we~~ ~~read~~ ~~as~~ ~~follows:~~  The District Attorney of

21  the County of Alameda further charges that before the commission

22  of the offense specified, said defendant, Willie L. Dennis on or

23  about the 1st day of July, 1982, Superior Court of the State of

24  California, in and for the County of Alameda, of the crime of

25  felony, to wit:  Robbery with a use clause a violation of

26  Section 211 of the Penal Code of California, separately brought

27  and tried, and served a separate prison term therefor.  To that

28  allegation what is your plea?

SHIRLEY A. WALKER, C.S.R. #2449

1    THE DEFENDANT:  Yes.  That's mine, your Honor.

2    MR. BROWN:  Just for clarification.  As to the

3  third and fourth priors we are all agreeing that they were tried

4  together.  Brought together, tried together.

5    THE COURT:  That's correct.

6    MR. EICHHORN:  Yes, I agree that the third and

7  fourth prior convictions were tried together under the same

8  docket.  He actually pled guilty to the two, but the third and

9  fourth together equal only one, five-year enhancement pursuant

10  to Penal Code Section 667(a).

11    THE COURT:  Do you represent there is a factual

12  basis for the plea and admission of the priors?

13    MR. BROWN:  I do, your Honor.  From the preliminary

14  transcript I would ask the court to incorporate that.

15    MR. EICHHORN:  People join in the stipulation.

16    THE COURT:  It's been ascertained in open court the

17  defendant understands his statutory and constitutional rights,

18  the nature of the charge, the possible consequences of the plea

19  of nolo contendere and that defendant knowingly and

20  intelligently, freely and voluntarily waived his statutory and

21  constitutional rights and entered his plea of nolo contendere.

22  There is a factual basis for each plea and for the admission of

23  the alleged prior convictions.  The Court finds a violation of

24  Section 211 of the Penal Code, Count One of the Information.

25  The Court finds a violation of Section 211 of the Penal Code,

26  Count Two of the Information.

27    The Court finds to be true the alleged prior conviction

28  at page three, the alleged first prior conviction as to Willie

SHIRLEY A. WALKER, C.S.R. #2449

5

1    L. Dennis.

2        The Court finds to be true the alleged prior conviction,

3    page three of the second prior conviction as to defendant Willie

4    Dennis.  The Court finds the third alleged prior conviction as

5    to Willie Dennis, defendant, as alleged in pages three and four

6    of the Information.

7        And the Court finds to be true the alleged fourth prior

8    conviction as alleged on page four of the Information.

9        Is time waived for sentencing?

10        MR. BROWN:  Yes.  Just one additional point.  Mr.

11    Dennis is mystified where the L came from.  His full true name

12    is William Nathaniel Dennis, Jr.

13        THE COURT:  Do you wish to show that as aka?

14        MR. EICHHORN:  If that's his true name, I'd rather

15    that be indicated as his true name rather than the aka.  I don't

16    know where the L came from.

17        THE COURT:  Do you wish to change or reflect the

18    true name or aka?

19        MR. EICHHORN:  True name is fine.

20        THE COURT:  May I have that again, Mr. Brown?

21        MR. EICHHORN:  William Nathaniel Dennis.

22        MR. BROWN:  William Nathaniel Dennis, Jr. is the

23    full correct name.

24        MR. EICHHORN:  I almost gave him another aka.

25        THE COURT:  All right.  The motion to amend the

26    information on its face is granted.  Did you say there --

27        MR. BROWN:  Time is waived for sentencing.

28    Obviously, we're going to need to coordinate with several

SHIRLEY A. WALKER, C.S.R. #2449

1    potential witnesses.  Mr. Schneller, if I may speak on his

2    behalf, would prefer a sentencing date, if at all possible, at

3    least the hearing prior to sentence in the afternoon, ideally on

4    a Thursday or Friday.  Are you requesting the sentencing date to

5    be on the same date as the hearing?

6                    MR. BROWN:  No, not necessarily.

7                    THE COURT:  Friday we have small claims appeals

8    here.

9                    MR. BROWN:  I know you don't want to miss that.

10                   THE COURT:  No, we don't want to miss that.

11                   MR. BROWN:  A Thursday afternoon, is that ever a

12   possibility?

13                   THE CLERK:  How far away?

14                   MR. BROWN:  At your convenience.  Mr. Dennis isn't

15   going anywhere.

16                   MR. EICHHORN:  How about a couple of weeks?

17                   THE CLERK:  March 3?

18                   THE COURT:  March 3.  Is that a good date for you,

19   gentlemen?

20                   MR. BROWN:  One more week.  I'm going to be in the

21   midst of a trial that week.

22                   THE CLERK:  March 10.

23                   MR. EICHHORN:  All right, sir.

24                   THE COURT:  March 10, 1994, 4:00 P.M.  Will that be

25   enough time to litigate this issue before 4:00 and 5:00?

26                   MR. BROWN:  There could be as many as four

27   witnesses, I don't know.  3:30?

28                   THE COURT:  Let's set it at 4:00.  I don't like to

5

1  inconvenience jurors anymore than I have to.  What date are you

2  requesting for sentencing though?

3            MR. BROWN:  I suppose we could set it in short

4  order on that date.

5            THE COURT:  Sunday or on that date?

6            MR. BROWN:  On that date.

7            THE COURT:  Mr. Dennis, do you give up your right

8  to have sentencing within 20 judicial days from the date of

9  entry of plea?

10            THE DEFENDANT:  Yes, I do.

11            THE COURT:  That will be on for sentencing then.

12  Ask the jurors to come in.

13            MR. BROWN:  Thank you very much, your Honor.  I

14  appreciate the court's accommodation.

15                      ---oOo---

16       (Whereupon jurors re-enter courtroom, proceedings

17  reported, not transcribed herein.)

18

19

20

21

22

23

24

25

26

27

28

STATE OF CALIFORNIA)                    (People vs. Dennis)
                  ) ss.                 Case No.  118527B
COUNTY OF ALAMEDA  )

 

 

 

 

 

        I, SHIRLEY A. WALKER, an Official Court Reporter of

the Superior Court of the County of Alameda, State of

California, do hereby certify that I correctly reported the

proceedings of the within-entitled matter February 9, 1994 and

that the foregoing is a full, true and correct transcription of

my shorthand notes of the testimony and other oral proceedings

had in the said matter.


        Dated the 12th day of February, 1994; Oakland,

California.

 

 

 

 

 

                        SHIRLEY A. WALKER, C.S.R. #2449
                        Official Reporter

SHIRLEY A. WALKER, C.S.R. #2449

EXHIBIT - B

Public Defender

```
 1         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2             IN AND FOR THE COUNTY OF ALAMEDA

 3                       ---oOo---

 4   HON. JOSEPH W. JAY, JUDGE              DEPARTMENT 38

 5   THE PEOPLE OF THE STATE OF )
     CALIFORNIA,                 )
 6                               )
                   PLAINTIFFS,   )      NO. 118527B
 7                               )
          VS.                    )  COMMITMENT TO STATE PRISON
 8                               )
     WILLIE L. DENNIS,           )
 9                               )
                   DEFENDANT.    )      ENDORSED
10   _____  )        FILED
                                        ALAMEDA COUNTY
11

12                                        JUL  1 1994

13                JUNE 22, 1994   RONALD G. OVERHOLT, Exec. Off./Clerk
                                  By Juanita Moore
14

15

16

17

18

19   APPEARANCES:

20   FOR THE PEOPLE:              STEVE DAL PORTO
                                  DEPUTY DISTRICT ATTORNEY
21
     FOR THE DEFENDANT:           R. BYRON BROWN
22                                ASSISTANT PUBLIC DEFENDER

23

24

25
     REPORTED BY:
26
          SHELLEY E. HINCH, CSR #4367
27

28
              SHELLEY E. HINCH, CSR #4367
```

1          THE COURT:  IN THE MATTER OF THE PEOPLE OF THE
2    STATE OF CALIFORNIA VERSUS WILLIE DENNIS.
3          THE RECORD WILL REFLECT THAT THE DEFENDANT IS
4    PERSONALLY PRESENT WITH HIS ATTORNEY BYRON BROWN.  THE
5    PEOPLE OF THE STATE OF CALIFORNIA ARE REPRESENTED BY
6    DEPUTY DISTRICT ATTORNEY STEVEN DAL PORTO.
7          IS WILLIE L. DENNIS YOUR TRUE NAME?
8          THE DEFENDANT:  WILLIE MCDANIEL DENNIS,
9    JUNIOR.
10          THE COURT:  MR. DENNIS, YOU WERE CHARGED BY
11    INFORMATION WITH VIOLATION OF THE FOLLOWING:
12          COUNT 1, A VIOLATION OF PENAL CODE SECTION
13    211, ROBBERY;
14          COUNT 2, A VIOLATION OF PENAL CODE SECTION
15    211, ROBBERY.
16          IT'S ALSO ALLEGED IN THE SAME INFORMATION THAT
17    YOU HAD, PREVIOUS TO THE COMMISSION OF THE OFFENSES
18    CHARGED, BEEN CONVICTED OF A FELONY VIOLATION OF VEHICLE
19    CODE SECTION 10851, A FELONY, FOR WHICH YOU SERVED A
20    PRIOR PRISON TERM, AND A VIOLATION OF PENAL CODE SECTION
21    12021, A FELONY, AND TWO COUNTS OF VIOLATION OF 211 OF
22    THE PENAL CODE.
23          YOU ENTERED PLEAS OF NOT GUILTY TO BOTH
24    CHARGES, DENIED THE SPECIAL ALLEGATIONS AND DEMANDED A
25    TRIAL BY JURY.
26          YOU SUBSEQUENTLY WITHDREW YOUR PLEAS OF NOT
27    GUILTY, ENTERED PLEAS OF NOLO CONTENDERE TO COUNTS 1 AND
28    2 OF THE INFORMATION, TWO COUNTS OF VIOLATION OF PENAL

SHELLEY E. HINCH, CSR #4367

2

1  CODE SECTION 211, ADMITTED THE TRUTH OF THE FIRST AND

2  SECOND PRIOR CONVICTIONS AND WAIVED TRIAL BY JURY AS TO

3  THE ALLEGED FOURTH AND FIFTH PRIOR CONVICTIONS.  THE

4  ALLEGED FOURTH AND FIFTH PRIOR CONVICTIONS WERE

5  THEREAFTER TRIED TO THE COURT AND FOUND NOT PROVEN.

6  YOU HAVE NOW BEEN FOUND GUILTY FOLLOWING YOUR

7  PLEAS OF NOLO CONTENDERE OF VIOLATING PENAL CODE SECTION

8  211 OF THE PENAL CODE, AS ALLEGED IN COUNT 1 OF THE

9  INFORMATION; A VIOLATION OF PENAL CODE SECTION 211, AS

10  ALLEGED IN COUNT 2 OF THE INFORMATION.

11  THE ALLEGATIONS OF THE FIRST PRIOR CONVICTION,

12  THAT IS A CONVICTION FOR VIOLATION OF VEHICLE CODE

13  SECTION 10851 FOR WHICH YOU SERVED A PRIOR PRISON TERM,

14  WERE ADMITTED BY YOU TO BE TRUE AND WERE FOUND BY THE

15  COURT TO BE TRUE AND THE ALLEGATIONS OF THE SECOND PRIOR

16  CONVICTION, POSSESSION OF A FIREARM BY AN EX-FELON, WERE

17  ALSO FOUND TO BE TRUE BY THE COURT.

18  YOU WAIVED TIME FOR SENTENCE.  THIS IS THE

19  TIME SET FOR PRONOUNCEMENT OF JUDGMENT.

20  IS THERE ANY LEGAL CAUSE WHY JUDGMENT SHOULD

21  NOT NOW BE PRONOUNCED?

22  MR. BROWN:  NO, YOUR HONOR.

23  THE COURT:  I HAVE READ AND CONSIDERED THE

24  PROBATION OFFICER'S REPORT, INCLUDING ATTACHMENTS;

25  STATEMENT OF MITIGATION; THE LETTER WITH ATTACHMENTS

26  FROM DELANCEY STREET FOUNDATION; A LETTER FROM MS. FRIES

27  OF THE D.E.U.C.E. PROGRAM; MS. DAVIS OF BAY AREA SERVICE

28  NETWORK EAST AND MS. HARGERTY OF DELANCEY STREET, AND I

SHELLEY E. HINCH, CSR #4367

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:

ENTITLED: _Petition For Writ Of Habeas Corpus Under 28 USC_

_Section 2254 by person in State Prison._

BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSEDIT

TO THE FOLLOWING:

(1) clerk,
The United States District Court
for the Northern District Of California
450 Golden Gate Avenue
San Francisco, CA 94102

(2) State of California
Office Of the Attorney General
Department of Justice
P.O. Box 944255
Sacramento, CA 94244-2550

EXECUTED ON _July_ , _23_ , 20 _07_ AT AVENAL STATE PRISON, AVENAL CALIFORNIA

I, _MR. Willie Dennis Jr._ DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW

OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_MR. Willie Dennis Jr._
SIGNITURE OF DECLARANT

_MR. Willie Dennis Jr._
PRINT NAME OF DECLARANT

PRO PER.

# EXHIBIT E

1982 Prior Convictions
were found Invalid and Stricken
Because they did not meet Constitutional
muster. Held march 10, 1994



MR. Willie Dennis Jr. # T-56859
ASP / 610-1-62 Low
P.O. BOX 9
Avenal, CA 93204

RECEIVED

JUL 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attn:

North

450

P.O

Sa

AVENAL STATE PRISON

Confidential

CONFIDENTIAL          LEGA