1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    WILLIAM DENNIS, JR.,                    )    No. C 07-03977 SBA (PR)
                                             )
4                   Petitioner,              )    **ORDER GRANTING RESPONDENT'S**
                                             )    **MOTION TO DISMISS PETITION AS**
5    v.                                      )    **UNTIMELY**
                                             )
6    K. MENDOZA-POWERS, Warden,              )    (Docket no. 8)
                                             )
7                   Respondent.              )
     _____ )

8

9          Petitioner, William Dennis Jr., filed this <u>pro se</u> habeas corpus action pursuant to 28 U.S.C.

10   § 2254 on August 2, 2007.  The petition alleges claims involving:  (1) abuse of discretion by the trial

11   court in imposing sentence enhancements in violation of Petitioner's due process rights; and

12   (2) ineffective assistance of counsel.

13         Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28

14   U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty

15   Act of 1996 (AEDPA).

16         For the reasons outlined below, the Court GRANTS Respondent's motion to dismiss.

17                                    **BACKGROUND**

18         Petitioner was convicted of robbery and, due to sentencing enhancements for prior

19   convictions, he was sentenced to fourteen years in prison on June 7, 2002.  (Pet. Ex. B.)  He did not

20   appeal his conviction.  (Pet. at 3.)

21         On February 16, 2006, Petitioner filed a habeas petition in the Alameda County Superior

22   Court, which was denied on February 22, 2006 for being untimely.  (Resp't Ex. 1; Pet'r Ex. B.)  On

23   June 14, 2006, Petitioner filed a habeas petition in the state appellate court, which was denied on

24   June 22, 2006.  (Resp't Ex. 2; Pet'r Ex. C.)  On July 17, 2006, Petitioner filed another habeas petition

25   in the appellate court, which was denied on July 20, 2006 for being untimely and repetitious.  (Resp't

26   Ex. 3.)  On October 2, 2006, Petitioner filed a third habeas petition in the appellate court, which was

27   denied on October 4, 2006.  (Resp't Ex. 4.)  On November 16, 2006, he filed a habeas petition in the

28   California Supreme Court, which was summarily denied on May 9, 2007.  (Resp't Ex. 5.)

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On August 2, 2007, Petitioner filed the instant petition.  The Court directed Respondent to file an answer to the petition or, in the alternative, a dispositive motion.  On March 24, 2008, Respondent filed a motion to dismiss the petition as untimely pursuant to § 2244(d), contending that Petitioner filed his federal petition after the one-year statute of limitations as set forth under § 2244(d)(1).  (Mot. to Dismiss at 2-3.)  Even after being granted an extension of time, Petitioner has failed to file an opposition to Respondent's motion.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  The one-year period may start running from the expiration of the time for seeking direct review.  See 28 U.S.C. § 2244(d)(1)(A).  If a petitioner could have sought review by the state superior court, state appellate court or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired.  See Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment).  Because Petitioner did not appeal his conviction after he was sentenced on June 7, 2002, the one-year limitations period began

to run against Petitioner on August 6, 2002, sixty days after the imposition of his sentence and the date on which the time to file a notice of appeal expired.[1]  See id.  Consequently, Petitioner had until August 6, 2003 to file his federal habeas petition.  The instant petition was filed on August 2, 2007, almost four years after the limitations period had expired.  Therefore, the instant petition is untimely absent tolling.

**I.   Statutory Tolling**

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time.  AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'"  Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).  In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court.  See id. at 220-25.[2]

---

[1]  Respondent incorrectly calculated the start date for the limitations period to begin running as August 21, 2007.  (Mot. to Dismiss at 3.)  There is nothing in the record that shows that Petitioner was sentenced on a date other than June 7, 2002 for Respondent's calculation to be accurate.  Therefore, the Court finds that the limitations period began on August 6, 2002.

[2]  In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).  Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court.  Id.  If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court.  Id. at 1006 n.3.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

Petitioner filed his state habeas petition in the Alameda County Superior Court on February 16, 2006.  However, he is not entitled to tolling under Section 2244(d)(2) because the limitations period had already run on August 6, 2003.  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed).  Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  See Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations).  Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

**II.    Equitable Tolling**

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Beeler, 128 F.3d at 1288.  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Nothing currently in the record suggests the possibility of equitably tolling any portion of the four-year delay Petitioner took to file his federal habeas petition.  Moreover, he failed to file an opposition to Respondent's motion to dismiss, even after the Court granted him an extension to file his opposition.  Petitioner alleges no "extraordinary circumstance" that impeded the timely filing of

4

his federal petition.  See Beeler, 128 F.3d at 1289.  Unfortunately for Petitioner, it was his delay in pursuing his state court remedies, rather than any extraordinary circumstances, that led him to exceed the limitations period.  The Court concludes that Petitioner has not shown "that this extraordinary exclusion should apply to him."  Miranda, 292 F.3d at 1065.  Accordingly, Petitioner is not entitled to equitable tolling; therefore, his federal habeas petition is untimely.

### CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket no. 8) is GRANTED.  The petition hereby is DISMISSED with prejudice.

The Clerk of the Court shall terminate all pending motions, enter judgment, and close the file.  This Order terminates Docket no 8.

IT IS SO ORDERED.

DATED: _2/4/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Dennis3977.MTDgrant(sol).frm

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIE DENNIS JR.,

        Plaintiff,

  v.

K. MENDOZA-POWERS et al,

        Defendant.

_____/

Case Number: CV07-03977 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie  Dennis T-56859
Avenal State Prison
P.O. Box 9
Avenal,  CA 93204

Dated: February 4, 2009

                    Richard W. Wieking, Clerk
                    By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California